John M. Walker (#5-2224)
Robert J. Walker (#7-4715)
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003-0467
Phone: (307) 634-1525
Fax:  (307) 638-7335
jwalker@hickeyevans.com
rwalker@hickeyevans.com

*Attorneys for Wyoming Financial Insurance, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No: 16-20326 |
| | ) | |
| Debtor, | ) | Chapter 11 |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| SCOTT J. GOLDENSTEIN, TRUSTEE OF THE | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | |
| PERSONAL INJURY TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOMELAND INSURANCE COMPANY OF | ) | |
| NEW YORK, and WYOMING FINANCIAL | ) | |
| INSURANCE, INC., | ) | Adv. Proc. No. 18-02021 |
| | ) | |
| Defendants. | ) | |

**ANSWER TO THE COMPLAINT**

COMES NOW, Wyoming Financial Insurance, Inc., ("Defendant"), by and through its attorneys, John M. Walker and Robert J. Walker of Hickey & Evans, LLP, and for its Answer to the Complaint, states, denies and alleges as follows:

1

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant DENIES that Debtor transferred monies to it without receiving reasonably equivalent value in exchange. To the extent any answer is required as to the remainder of Paragraph 4, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant ADMITS it is a Wyoming corporation with its principal place of business in the State of Wyoming.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant ADMITS that Homeland issued insurance policies to Debtor. As to the remainder of Paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same. Defendant specifically DENIES that Debtor transferred monies to it without receiving reasonably equivalent value in exchange.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant reasserts its answers to Paragraphs 1 through 12 as if set forth fully herein.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are vague, ambiguous, overly broad, and lack sufficient specificity such that Defendant could form a sufficient belief as to the allegation being made. To the extent

an answer is required, Defendant DENIES the same and specifically DENIES that Debtor transferred monies to it without receiving reasonable equivalent value in exchange.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant DENIES the same.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are vague, ambiguous, overly broad, and lack sufficient specificity such that Defendant could form a sufficient belief as to the allegation being made.  To the extent an answer is required, Defendant DENIES the same and specifically DENIES that Debtor transferred monies to it without receiving reasonable equivalent value in exchange.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are legal argument to which no answer is required.  To the extent any answer is required, Defendant DENIES the same.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

19. Answering Paragraph 19, including subparts a through d, of Plaintiff's Complaint, Defendant specifically DENIES any and all requests for relief and DENIES Plaintiff is entitled to recover any amount from Defendant.  To the extent any further allegations require an answer, Defendant DENIES the same.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant reasserts its answers to Paragraphs 1 through 19 as if set forth fully herein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are vague, ambiguous, overly broad, and lack sufficient specificity such that Defendant could form a sufficient belief as to the allegation being made.  To the extent

4

an answer is required, Defendant DENIES the same and specifically DENIES that Debtor transferred monies to it without receiving reasonable equivalent value in exchange.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendant DENIES the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are vague, ambiguous, overly broad, and lack sufficient specificity such that Defendant could form a sufficient belief as to the allegation being made. To the extent an answer is required, Defendant DENIES the same and specifically DENIES that Debtor transferred monies to it without receiving reasonable equivalent value in exchange.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are legal argument to which no answer is required. To the extent any answer is required, Defendant DENIES the same.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained therein and therefore DENIES the same.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendant asserts that the allegations contained therein are legal argument to which no answer is required. To the extent any answer is required, Defendant DENIES the same.

27. Answering Paragraph 27, including subparts a through d, of Plaintiff's Complaint, Defendant specifically DENIES any and all requests for relief and DENIES Plaintiff is entitled to recover any amount from Defendant. To the extent any further allegations require an answer, Defendant DENIES the same.

28. Defendant hereby Denies any and all allegations set forth in Plaintiff's Complaint not expressly admitted to above. Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court as there was no fraudulent conveyance as to Defendant and therefore this should not be a core proceeding.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's cause of action fails to state a claim against Defendant.

2. Plaintiff's cause of action fails as there was an accord and satisfaction.

3. Plaintiff's claims are barred by the doctrine of estoppel.

4. Plaintiff's cause of action fails for want of consideration.

5. Plaintiff's claims are disallowed by the doctrine of unclean hands.

6. Plaintiff's cause of action fails as all or part of the transactions resulted from fraud, deceit, and misrepresentation by Debtor.

7. Debtor's failure to disclose information bars Plaintiff's recovery.

8. Plaintiff's claims fail under the doctrine of laches.

9. Plaintiff's claims fail under the doctrine of waiver.

10. Plaintiff has failed to mitigate its damages, if any.

11. Defendant reserves the right to withdraw, amend or supplement these affirmative defenses as discovery continues.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant, having fully answered the Plaintiff's Complaint, prays that judgment be entered in favor of Defendant and against the Plaintiff, and that the Complaint be dismissed with prejudice and that Defendant be awarded its reasonable costs, attorney fees, and any other such relief as this Court may deem just and equitable.

Dated this 13th day of June, 2018.

                    */s/ Robert J.. Walker*_____
                    John M. Walker (#5-2224)
                    Robert J. Walker (#7-4715)
                    HICKEY & EVANS
                    1800 Carey Avenue, Suite 700
                    Cheyenne, WY 82001
                    Telephone: (307) 634-1525
                    Telefax: (307) 638-7335

                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June 2018, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

**Jamie Cotter**
Spencer Fane LLP
Email: jcotter@spencerfane.com

**Philip A. Pearlman**
Spencer Fane Britt & Browne LLP
Email: ppearlman@spencerfane.com

                    */s/ Robert J. Walker*_____
                    Hickey & Evans, LLP